UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LEKENDRIA MADISON,**  **CIVIL ACTION**
**WENDOLYN LEE**

**VERSUS**  **NO. 23-2270**

**AMY WEIRICH, ET AL.**  **SECTION "I"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.     Factual and Procedural Background

Plaintiff Wendolyn Lee ("Lee"), who was at the time an inmate housed in the Shelby County Jail in Tennessee, submitted the captioned civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants former Shelby County District Attorney Amy Weirich, Shelby County Judge Chris Craft, Public Defender Ross Sampson, Memphis Police Officer Carrolyn Bryant, Sgt. W. Marrero, Lt. R. Hulley, and Sgt. C. Briggs challenging his unlawful prosecution in Tennessee for a sexual assault that he claims occurred in Arkansas.  ECF No. 1, ¶II(g), at 4, 5-8 (Deficient Complaint).  Lee included the name of a second plaintiff, Lekendria Madison, who did not sign the form complaint submitted by Lee and the form complaint alleges no claims or factual allegations related to Madison.  Neither Lee nor Madison paid the filing fee or submitted a pauper application with the complaint.  Lee also failed to provide an address or other contact information for Madison as required by the rules of this Court.

Having no address for Madison, the Clerk of Court sent Lee notice of these deficiencies on June 30, 2023, which required that Madison sign the complaint and provide her contact information and that Lee and Madison either pay the filing fee or individually submit a properly completed and certified pauper application within twenty-one (21) days of the date of the notice. ECF No. 2. Two pauper application forms were provided to Lee with the notice. The envelope mailed to Lee at his prison address was not returned as undeliverable. Neither Lee nor Madison responded to or complied with the deficiency notice.

On August 2, 2023, the undersigned Magistrate Judge issued an Order requiring Lee and Madison to show cause in writing by September 5, 2023, why this complaint should not be dismissed for their failure to prosecute by failing to respond to the deficiency notice and failing to either pay the filing fee or each submit a pauper application. ECF No. 3. The order again was mailed to Lee because the Clerk of Court had no mailing address for Madison. On August 18, 2023, Lee filed a change of address for himself and provided a mailing address for Madison in Memphis, Tennessee. ECF No. 5. The Clerk of Court remailed the show cause order and the deficiency notice to Madison at the address provided by Lee. The envelopes mailed to Lee and Madison have not been returned as undeliverable.

Madison has not replied to either the notice or the show cause order. In lieu of a response to the show cause order, on September 18, 2023, Lee filed two motions, one requesting that the court "consolidate" Madison and four others who were present when he was seized by bounty hunters executing a warrant for his arrest (ECF No. 6) and one seeking an extension of time for Madison to comply (ECF No. 7) based on his erroneous assumption that the clerk had not already mailed the show cause order to the address he provided for Madison. Nevertheless, Lee has not complied with the deficiency notice or the Court's show cause order by providing a signature and

contact information for Madison and either paying the filing fee or submitting a pauper application as ordered.

## II.     Standard of Review under FED. R. CIV. PROC. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  A Rule 41(b) dismissal is considered an adjudication on the merits.  FED. R. CIV. PROC. 41(b).  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

When a plaintiff is without counsel, he is responsible for the prosecution of his case.  A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance."  *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

## III.    Analysis

Lee and Madison have not complied with the Clerk of Court's deficiency notice or the Court's show cause order.  Neither Lee nor Madison has paid the filing fee or provided the court with a pauper application to initiate this suit.  Even if Lee had done so, he would not be eligible to

proceed as a pauper.  Lee is a prolific filer in this court who has been barred by this Court and by the United States District Court for the Western District of Tennessee, Western Division, from filing as a pauper because he has at least prior frivolous dismissals or "three strikes" under 28 U.S.C. § 1915(g).  *See Lee, et al. v. Craft*, Civ. Action 21-2383 "T"(5), ECF No. 14, at 2-3 (E.D. La. Mar. 9, 2022) (Order denying pauper application); *Lee v. Craft*, No. 21-2774, ECF No. 11 (W.D. Tenn. Jan. 5, 2022) (Order denying pauper application).

Among Lee's cases qualifying as strikes under § 1915(g) are § 1983 suits involving the same defendants listed in this case and the same or similar claims arising from his alleged false charges and seizure by bounty hunters in Louisiana to face prosecution in Tennessee: *Lee v. Craft*, No. 21-2136, 2021 WL 1030236 (W.D. Tenn. Mar. 17, 2021) (dismissed for failure to state a claim); *Lee v. Craft*, No. 20-2424, 2021 WL 918767 (W.D. Tenn. Mar. 10, 2021) (dismissed for failure to state a claim); *Lee, et al. v. Weirich*, No. 18-2157, 2018 WL 6173897, at *2-3 (W.D. Tenn. Nov. 26, 2018) (dismissed for failure to state a claim), *aff'd*, No. 19-5012, 2019 WL 2897530 (6th Cir. May 16, 2019), *cert. denied*, 140 S. Ct. 265 (2019).  The Western District of Tennessee also has issued numerous other sanctions orders against Lee because of his frivolous and abusive filings in the federal district courts, including his filings initiated in the Eastern District of Louisiana.  *See*, *e.g.*, *Lee v. Craft*, No. 21-2367, ECF No. 9, at 3 (W.D. Tenn. Jun. 8. 2021); *Lee v. Craft*, No. 21-2774, ECF No. 11, at 3 (W.D. Tenn. Jan. 5, 2022).  In that Court's initial sanctions order issued June 8, 2021, it expressly warned Lee that his continued filing of civil actions "in another court that should have been properly filed in this district and that is thereafter removed or transferred to this district will result in the same sanctions as if Lee had filed it here initially."  *Lee*, No. 21-2367, ECF No. 9, at 6.  Based on these orders, Lee would be required to pay the filing fee

in this case (even if Madison were to be dismissed as a plaintiff) and would likely face sanctions should this case be transferred to the Western District of Tennessee as the proper venue.

Lee also should be warned that his efforts to include Madison and other purported witnesses with no viable civil rights claims of their own against the defendants may subject him to additional sanctions. Perhaps in an effort to bypass the three-strikes prohibition or to avoid venue transfer, Lee previously attempted this same scheme of adding a purported witness as a plaintiff in a prior case here which, like this one, was dismissed in part for failure to prosecute when Lee and the purported co-plaintiff failed to sign the complaint, pay the fee, or submit a pauper application. *See Ray v. Craft*, Civ. Action 21-2381"A"(4), ECF Nos. 5, 7 & 8 (E.D. La. Apr. 28, 2022). In addition, there is no doubt that Lee's current case, like others cited herein, is in the wrong venue and duplicitous of his other federal cases. If opened, this suit would be subject to dismissal as malicious pursuant to 28 U.S.C. § 1915 & § 1915A, even if Lee and/or Madison paid the filing fee or submitted a pauper application to properly prosecute and open this case. *See Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009); *see also Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).

In summary, Lee and Madison are proceeding *pro se*, and their failure to comply with the deficiency notice and the Court's show cause order are solely the result of their own actions or inactions. Both Lee and Madison have been given adequate opportunity to correct the complaint, pay the filing fee, and/or submit pauper applications. Their failure to do so has resulted in the Court's inability to move forward with this case and its docket. For these reasons, this civil rights complaint should be dismissed with prejudice under FED. R. CIV. PROC. 41(b) for failure to prosecute.

## IV. Recommendation

It is therefore **RECOMMENDED** that the § 1983 civil rights complaint submitted by Wendolyn Lee and Lekendria Madison be **DISMISSED WITH PREJUDICE** for his failure to prosecute pursuant to FED. R. CIV. PROC. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 22nd day of September, 2023.

*[signature]*

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.